THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN BESTER, Appellant.

Argued March 4, 1948; decided April 22, 1948.

*Joseph Lonardo* for appellant. I. The instructions concerning the jury's order of consideration, directing them to give priority to the felony murder theory, and the submission to the jury of a " chart " showing felony murder on top, prejudiced the defense. (*People* v. *Snyder*, 297 N. Y. 81.) II. The reception of the hammer in evidence constituted prejudicial error. (*People* v. *Corbisiero*, 290 N. Y. 191.) III. There were erroneous instructions as to extent of intoxication. (*People* v. *Leonardi*, 143 N. Y. 360; *People* v. *Gerdvine*, 210 N. Y. 184; *People* v. *Crumble*, 286 N. Y. 24; *People* v. *Van Zandt*, 224 N. Y. 354; *People* v. *Conroy*, 33 Hun 119, 97 N. Y. 62.) IV. There were no instructions as to reasonable doubt on intoxication issue. (*People* v. *Crumble*, 286 N. Y. 24; *People* v. *Levan*, 295 N. Y. 26; *People* v. *Odell*, 230 N. Y. 481.) V. There was no instruction as to reasonable doubt whether a felony was in progress. VI. There was no instruction as to reasonable doubt on issue whether intoxication affected the forming of an intent to rob. (*People* v. *Levan*, 295 N. Y. 26.) VII. The charge upon the felony theory was silent about lower degrees. (*People* v. *De Jesus*, 290 N. Y. 789; *People* v. *Richardson*, 287 N. Y. 629; *People* v. *Koerber*, 244 N. Y. 147; *People* v. *Cummings*, 274 N. Y. 336; *People* v. *Lunse*, 278 N. Y. 303; *People* v. *Moran*, 246 N. Y. 100; *People* v. *Wagner*, 245 N. Y. 143.)

*Frank S. Hogan, District Attorney* (*Whitman Knapp, Eugene A. Leiman, William Hoppen* and *Edgar J. Nathan 3d* of counsel), for respondent. I. The trial court properly directed the jury as to the order in which they were to consider the forms of homicide. (*People* v. *Schappes*, 291 N. Y. 575; *People* v. *Little*, 295 N. Y. 656; *People* v. *Clark*, 289 N. Y. 618; *People* v. *Snyder*, 297 N. Y. 81; *People* v. *Willson*, 109 N. Y. 345; *State* v. *Norton*, 227 Iowa 13; *Dillon* v. *State*, 137 Wis. 655; *People*

v. *Daniel*, 297 N. Y. 538; *People* v. *Little*, 295 N. Y. 656; *People* v
*Maduro*, 291 N. Y. 529; *People* v. *De Jesus*, 290 N. Y. 789; *People*
v. *Clark*, 289 N. Y. 618; *People* v. *Mardavich*, 287 N. Y. 344;
*People* v. *Richardson*, 287 N. Y. 629; *People* v. *Cvek*, 287 N. Y.
701; *People* v. *Pryor*, 283 N. Y. 623.) II. Defendant's guilt
was proved beyond a reasonable doubt. (*People* v. *Becker*, 215
N. Y. 126; *People* v. *Atlas*, 183 App. Div. 595, 230 N. Y. 629.)
III. The hammer was properly received in evidence.

*Per Curiam.* The Trial Judge handed to the jury a chart
listing " the crimes submitted to you " and directing the jury
to consider such crimes " in the order in which they are set
forth on this Chart." The sequence on the chart was as follows:
" Murder in the first degree, as a felony murder; murder in the
first degree by premeditated and deliberate design; murder in
the second degree; manslaughter in the first degree; man-
slaughter in the second degree ". This procedure is now chal-
lenged by the defendant as being inconsistent with the opinion
of Conway, J., in *People* v. *Snyder* (297 N. Y. 81, 90–91), but
the proposition thus invoked (which had the support of three
members of this court in the *Snyder* case) cannot here be con-
sidered, since the point is not presented by sufficient exceptions.
(See Code Crim. Pro., § 420-a.)

The judgment should be affirmed.

Loughran, Ch. J., Lewis, Conway, Desmond, Thacher, Dye
and Fuld, JJ., concur.

Judgment affirmed.