■ VILLAGE AUTO BODY WORKS, INC., et al., Appellants, v TOWN OF HEMPSTEAD, Respondent. — In an action, *inter alia,* to declare section 183-5 of the Code of the Town of Hempstead unconstitutional, plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Pittoni, J.), entered December 19, 1980, which, after a nonjury trial, sustained the constitutionality of the afore-mentioned ordinance. Judgment affirmed, without costs or disbursements. Appellants applied for an unrestricted tow car license for the Town of Hempstead, which would entitle them to take part in the lucrative business of towing vehicles from the scenes of accidents in that town. The respondent town rejected the application due to appellants' failure to satisfy section 183-5 of the Code of the Town of Hempstead, which requires that an unrestricted license may be granted only if the applicant "owns, operates and maintains a bona fide terminal within the Town of Hempstead or a city or incorporated village within the area of the Town of Hempstead." Appellants' terminal is situated in the Town of North Hempstead, only 3,500 feet from the border of the Town of Hempstead, and they assert, in essence, that the ordinance quoted above unconstitutionally. denies them equal protection of the laws. A legislative enactment is presumed to be constitutional, and "this presumption can be upset only by proof persuasive beyond a reasonable doubt" (*Hotel Dorset Co. v Trust for Cultural Resources of City of N. Y.,* 46 NY2d 358, 370; see, also, *People v Lang,* 36 NY2d 366). It is well established that an enactment which impairs no fundamental right and involves no suspect classification will survive equal protection scrutiny as long as it bears some rational relation to a legitimate governmental interest (see *Massachusetts Bd. of Retirement v Murgia,* 427 US 307; *Village of Belle Terre v Boraas,* 416 US 1). The legitimate governmental interest furthered by the ordinance in question is to provide quick, safe and reasonably priced towing service, and to keep the flow of traffic as free as possible. By limiting unrestricted towing licenses to applicants with terminals within its borders, the town has limited the number of tow trucks coming on the scene and clogging the flow of traffic. It is relevant that this requirement was initially requested by the Nassau County Police Department to minimize the number of tow truck-related collisions and reckless tow truck driving. Thus, although a degree of unfairness can be demonstrated by the application of the ordinance to appellants, appellants have not met their burden of proving unconstitutionality beyond a reasonable doubt. Margett, J. P., O'Connor, Weinstein and Thompson, JJ., concur.