■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE JOHNSON, Appellant. [632 NYS2d 107] —Judgment, Supreme Court, Bronx County (Steven Barrett, J.), rendered August 4, 1993, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, and order of the same court and Justice, entered on or about August 10, 1994, denying his motion to vacate the judgment of conviction, unanimously affirmed.

Since defendant failed to raise his contention that there was insufficient proof to establish that he intended to rob the victims in his motion to dismiss in the trial court, the issue has not been preserved for this Court's review as a matter of law (CPL 470.05 [2]; *People v Gray*, 86 NY2d 10). In any event, viewing the evidence in a light most favorable to the People (*People v Contes*, 60 NY2d 620, 621), the proof was legally sufficient to establish his guilt of murder in the second degree. Upon an independent review of the facts, the verdict was not against the weight of the evidence.(*People v Bleakley*, 69 NY2d 490). The surviving victim properly testified as to his understanding of defendant's words and that they indicated to him that defendant wanted him to turn over his property. It was for the jury to determine the appropriate weight to be accorded to the victim's interpretation of these words. Defendant's statement and his act of pointing a gun in the victim's face constituted sufficient evidence to permit the jury to infer that he specifically intended to commit the crime of robbery (*see, People v Bracey*, 41 NY2d 296).

Defendant's contention that the audiotape of the autopsy performed on one of the victims constituted *Rosario* material has not been preserved for this Court's review as a matter of law (CPL 470.05 [2]; *People v Rogelio*, 79 NY2d 843) and, in any event, has been rejected by the Court of Appeals (*People v Washington*, 86 NY2d 189).

We perceive no abuse of discretion in sentencing. Concur— Rosenberger, J. P., Ellerin, Wallach and Tom, JJ.