**Herbert EHINGER, Petitioner,**

v.

**David MILLER, Respondent.**

**No. 95 Civ. 9982 (MBM).**

United States District Court,
S.D. New York.

May 22, 1996.

---

mation' as is necessary to make the statements required by other rules not misleading in light of

the circumstances").

Herbert Ehinger, Napanoch, NY, for Plaintiff.

Dian Kerr McCullough, Assistant Attorney General, Division of State Counsel Litigation Bureau, New York City, for Defendant.

## ORDER

MUKASEY, District Judge.

On April 18, 1996 Magistrate Judge Peck filed and sent to the parties his report and recommendation in this case. Magistrate Judge Peck found that petitioner failed to exhaust his state court remedies as to one of his three habeas corpus claims, and recommended that the petition be dismissed without prejudice for such failure, unless petitioner withdrew his unexhausted claim of ineffective assistance of trial counsel. In a document styled Objections to Magistrate's Report and Recommendation dated April 24, 1996, petitioner withdrew that unexhausted claim. Accordingly, the Court affirms and adopts Magistrate Judge Peck's April 18, 1996 Report and Recommendation and re-refers the case to Magistrate Judge Peck to issue a report and recommendation as to petitioner's remaining claims.

SO ORDERED.

## REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge.

TO THE HONORABLE MICHAEL B. MUKASEY, United States District Judge:

Petitioner Herbert Ehinger seeks a writ of habeas corpus, alleging that he was denied his right to effective assistance of trial and appellate counsel and denied due process of law in violation of the sixth and fourteenth amendments of the Constitution. (Petition, 10/4/95, ¶¶ 12(A) & 12(B).) For the reasons set forth below, because Ehinger's petition is a "mixed" petition containing both exhausted and unexhausted claims, I recommend that Ehinger's habeas petition be denied.

## PROCEDURAL BACKGROUND

On May 24, 1988, petitioner Herbert Ehinger was convicted of kidnapping in the first degree, robbery in the first and second degrees, and grand larceny in the third degree, and was sentenced to concurrent prison terms of 20 years to life on the kidnapping count, 7 to 21 years on the first degree robbery count, 4 to 12 years on the second degree robbery count, and 1 to 3 years on the grand larceny count. (Affidavit of Assistant Attorney General Dian Kerr McCullough in Opposition to the Petition, dated 3/13/96, at ¶ 2; *see* Petition, ¶¶ 2–4.) The crimes for which Ehinger was convicted arose from a dispute he had with his roommate, Hirokai Murai, in which Ehinger beat and kicked Murai, tied him up and handcuffed him, and locked him in their apartment for about a week. *See People v. Ehinger,* 152 A.D.2d 97, 98, 547 N.Y.S.2d 302, 303 (1st Dep't 1989).

Ehinger directly appealed his conviction to the Appellate Division, First Department, claiming that: (1) the term "abduct" in the New York kidnapping statute is unconstitutionally void for vagueness, (2) the trial court erred by refusing to permit certain evidence of an offer by the complainant, Murai, to drop the charges for a price, (3) the trial court erred by refusing to allow Ehinger to confer with counsel during cross-examination, (4) Ehinger was denied a fair trial by the prosecutor's improper summation, (5) Ehinger was denied a fair trial and his right to confront a witness, Murai, due to an unqualified interpreter, (6) denial of his *Clayton* motion was an abuse of discretion by the court, and (7) he was improperly sentenced. (McCullough Aff. Ex. A: Ehinger's App.Div. Brief at 1.) By an Opinion and Order dated November 21, 1989, the First Department unanimously affirmed Ehinger's conviction. *People v. Ehinger,* 152 A.D.2d 97, 547 N.Y.S.2d 302 (1st Dep't 1989). The Court of Appeals denied leave to appeal on January

24, 1990. *People v. Ehinger*, 75 N.Y.2d 812, 552 N.Y.S.2d 562, 551 N.E.2d 1240 (1990).

Ehinger also moved, pursuant to NY CPL 440.10,[1] to set aside his conviction on the grounds that material evidence brought out at trial was false and that the prosecution knew it to be false. (McCullough Aff. ¶ 3.) The Supreme Court, New York County denied the motion on December 6, 1990, and the Appellate Division denied leave to appeal on June 11, 1991. (*Id.*)

On May 17, 1995, Ehinger filed a motion for a writ of error coram nobis to the Appellate Division, First Department, claiming that he was denied effective assistance of appellate counsel. (McCullough Aff. ¶ 8 & Exs. F–G.) Ehinger claimed that appellate counsel was ineffective for failing to include, in his direct appeal, a claim for ineffective assistance of trial counsel. On August 31, 1995, the First Department denied the motion. (McCullough Aff. ¶ 8 & Ex. H.)

Ehinger's present habeas petition appears to raise three grounds: (1) that *trial counsel* was ineffective for failing to challenge the alleged constitutional vagueness of the term "abduct" in the kidnapping statute, (2) that *appellate counsel* was ineffective for failing to raise trial counsel's ineffectiveness, and (3) that appellate counsel was ineffective for failing to argue that Ehinger was convicted on a standard of proof less than guilt beyond a reasonable doubt. (*See* Petition ¶¶ 12(A) and 12(B).)[2]

1. 440.10(1)(h) states in part:
   At any time after the entry of judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that: .... (h) The judgment was obtained in violation of right of the defendant under the constitution of this state or of the United States.

2. Ehinger's Petition reads as follows:
   12A. Ground one: Petitioner was denied his right to effective assistance of *trial and appellate* counsel and due process of law....
   12B. Ground two: Petitioner was denied his right to effective assistance of appellate counsel because counsel failed to argue that petitioner was convicted on a standard of proof less than guilt beyond a reasonable doubt....
   (Petition, ¶¶ 12(A)–(B), emphasis added.) The Court reads ¶ 12(A) to raise ineffective assistance of trial counsel and ineffective assistance of ap-

## ANALYSIS

### EHINGER'S HABEAS PETITION MUST BE DISMISSED BECAUSE HE HAS FAILED TO EXHAUST HIS STATE COURT REMEDIES

Because Ehinger has failed to exhaust his state court remedies with respect to his federal habeas petition claim for ineffective assistance of *trial* counsel, the Court must dismiss his entire petition.

A federal court may not consider the merits of a state prisoner's petition for a writ of habeas corpus until the prisoner first exhausts his available state remedies. 28 U.S.C. § 2254(b).[3] While Section 2254 does not directly address the problem of "mixed" habeas petitions, that is, those containing both exhausted and unexhausted claims, the Supreme Court adopted a rule of total exhaustion in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The Supreme Court held:

> Because a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute, we hold that a district court must dismiss such "mixed petitions," leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.

pellate counsel grounds. The Government read the Petition similarly, and argued that accordingly Ehinger failed to exhaust his state court remedies. (*See* Government Brief at 12–14.) Ehinger's reply papers confirm that his Petition raises a claim of ineffective assistance of trial, as well as appellate, counsel. (Ehinger Reply Affirmation, dated 3/28/96, ¶¶ 3–4; Ehinger Reply Brief at 1.)

3. Title 28 U.S.C. § 2254 provides in pertinent part:
   (b) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

*Id.* at 510, 102 S.Ct. at 1199.[4]  The Supreme Court explained that the complete "exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy,* 455 U.S. at 518, 102 S.Ct. at 1203.  "A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief from the state courts, thus giving those courts the first opportunity to review all the claims of constitutional error." *Id.* at 518–19, 102 S.Ct. at 1203.  The Court further noted that the total exhaustion rule will not impair the prisoner's interest in obtaining speedy federal relief "since he can always amend the petition to delete the unexhausted claims." *Id.* at 520, 102 S.Ct. at 1204.

The Second Circuit has held that "[p]assing on the merits of claims in a habeas petition containing unexhausted claims runs counter to *Rose v. Lundy....*" *Levine v. Commissioner of Correctional Services,* 44 F.3d 121, 125 (2d Cir.1995).

The Second Circuit determines whether a claim has been exhausted by applying a two-step analysis:

> First, the petitioner must have fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts....  Second, having presented his federal constitutional claim to an appropriate state court, and having been denied relief, the petitioner must have utilized all available mechanisms to secure [state] appellate review of the denial of that claim.

*Klein v. Harris,* 667 F.2d 274, 282 (2d Cir. 1981) (citing cases).

The Court turns, therefore, to Ehinger's claims on this habeas petition to determine whether he has exhausted his state court remedies.

Ehinger did not raise an ineffective assistance of counsel claim in either his direct appeal, or his CPL § 440.10 motion to vacate.  When Ehinger filed his writ of error coram nobis with the Appellate Division, he alleged that he was denied effective assistance of appellate counsel.  (Petition, Ex. Al: Coram Nobis Notice of Motion & Ehinger 5/17/95 Aff. in Support of Coram Nobis Motion, ¶ 1.)  Ehinger's coram nobis motion claimed that his Constitutional rights were violated because his appellate counsel (a) failed to include in his direct appeal a claim for ineffective assistance of trial counsel, and (b) failed to argue that Ehinger was convicted on a standard of proof less than a reasonable doubt.  (*See* Petition Ex. A1:  Ehinger "Memorandum of Law in Support of Motion for Writ of Error Coram Nobis," at Table of Contents.)  Thus, while Ehinger clearly raised his ineffective assistance of *appellate* counsel claims before the state court, he did *not* raise his ineffective assistance of trial counsel claim.

In his reply papers, Ehinger concedes that he did not raise his ineffective assistance of trial counsel claim before the state trial court, but claims that he did raise it before the Appellate Division.  (Ehinger 3/28/96 Reply Aff. ¶ 4.)  While Ehinger's state coram nobis brief made reference to trial counsel's ineffectiveness in arguing that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness, that did not directly raise the trial counsel ineffectiveness issue.  First, a coram nobis motion to the Appellate Division addresses errors at the appellate level, including ineffectiveness of appellate counsel, not trial errors.  *See, e.g., Mathis v. Hood,* 851 F.2d 612, 615 (2d Cir. 1988) ("the *Bachert* court found that the proper vehicle for bringing a claim of ineffectiveness of appellate counsel was a writ of error coram nobis addressed to the appellate division which affirmed the original conviction.") (citing *People v. Bachert,* 69 N.Y.2d 593, 596, 599, 516 N.Y.S.2d 623, 624–25, 626–27, 509 N.E.2d 318, 319–20 (1987)).  Ineffective assistance of trial counsel motions, on the other hand, ordinarily are made by a CPL § 440.10 motion before the trial court, or direct appeal where trial counsel's alleged incompetence could be determined from the existing record.  *See, e.g., Walker v. Dalsheim,* 669 F.Supp. 68, 70, 71–72 (S.D.N.Y.

---

**4.**  *Accord, e.g., Levine v. Commissioner of Correctional Services,* 44 F.3d 121, 124 (2d Cir.1995); *Grady v. LeFevre,* 846 F.2d 862, 864 (2d Cir.

1988); *Petrucelli v. Coombe,* 735 F.2d 684, 687 (2d Cir.1984).

1987) (citing New York cases). Second, and more important, neither Ehinger's Notice of Motion nor the point headings in his coram nobis brief raised any trial counsel ineffectiveness issue.

The exhaustion requirement "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. at 520, 102 S.Ct. at 1204. Ehinger's allegation that his appellate counsel was ineffective for failing to argue that trial counsel was ineffective does not satisfy this precept as to an ineffective assistance of trial counsel claim. *See, e.g., Parron v. Quick*, 869 F.2d 87, 88–89 (2d Cir.1989) (ineffective assistance of counsel claim that was presented to the state court "only by implication" as part of a speedy trial claim, held not exhausted).

Because Ehinger has not yet brought his ineffective trial counsel claim to the state court system, this Court is precluded from addressing the merits of any of his claims. The Court suggests that Ehinger either go back to state court to assert his federal constitutional claim of ineffective assistance of trial counsel,[5] or that Ehinger delete his unexhausted ineffective assistance of trial counsel claim from his habeas Petition.[6] The latter course may be most advantageous to Ehinger since he admits that his ineffective assistance of trial counsel claim is peripheral to his habeas petition. Ehinger states that:

> It should be noted that petitioner's habeas claim only indirectly involves the claim of trial counsel's ineffectiveness. Petitioner's actual claim is that appellate counsel was ineffective for not raising on appeal trial counsel's ineffectiveness.

(Ehinger Reply Brief at 1.)

### CONCLUSION

Petitioner Ehinger has not exhausted one of his three habeas claims. Accordingly,

without reaching the merits of any of his claims, I recommend that the Court dismiss his habeas petition without prejudice for failure to exhaust his state court remedies, unless Ehinger files notice dropping his ineffective assistance of trial counsel claim.

### *FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION*

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Michael B. Mukasey, 500 Pearl Street, Room 2240, and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Mukasey. Failure to file objections may result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.), *cert. denied*, 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir.1983).

SO ORDERED.

DATED: New York, New York

April 18, 1996

---

**5.** Under New York State law, a defendant in a criminal case may move at any time to vacate his conviction on grounds of a federal constitutional violation, where the factual basis of the claim does not appear from the record. *Taylor v. Kirk*, 90 Civ. 5412, 1991 WL 173155 at *3, (S.D.N.Y. Aug. 27, 1991) (citing N.Y. CPL § 440.10).

**6.** However, "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." *Rose v. Lundy*, 455 U.S. at 521, 102 S.Ct. at 1205.