Jermaine JOHNSON, Petitioner,

v.

Charles J. SCULLY, Warden, Greenhaven Correctional Facility, Respondent.

No. 97 Civ. 2793(JSR).

United States District Court,
S.D. New York.

June 13, 1997.

---

Jermaine Johnson, Stormville, NY, pro se.

*ORDER*

RAKOFF, District Judge.

On May 22, 1997, the Honorable Andrew J. Peck, United States Magistrate Judge, issued a Report and Recommendation in the above-captioned matter, recommending that the petition be dismissed pursuant to 28 U.S.C. § 2254.

Petitioner has not filed any objections to the report, and, for that reason alone, has waived further review of the decisions therein. *See Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992). In addi-

tion, the Court has undertaken a *de novo* review of the record in this matter, and based on that review, the Court fully concurs with the reasoning and recommendations set forth by Magistrate Judge Peck in the report.

Accordingly, the Court hereby incorporates by reference the Report of May 22, 1997, and, for the reasons articulated therein, as well as because of the absence of any objections thereto, dismisses the case in its entirety.

Clerk to enter judgment.

SO ORDERED.

## REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge.

**To the Honorable Jed S Rakoff, United States District Judge:**

Pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts, 28 U.S.C. foll. § 2254, I recommend that the Court summarily dismiss petitioner Jermaine Johnson's habeas corpus petition on the ground that he is not entitled to relief, since his petition is a "mixed" petition.

## FACTS

Petitioner Jermaine Johnson's habeas petition is dated March 12, 1997 and was received by the Court's Pro Se Office on April 10, 1997. (*See* Petition.) The Petition indicates that in 1993, Johnson was convicted of murder and lesser offenses and sentenced to 25 years to life imprisonment. (Petition ¶¶ 1–4.) The Appellate Division, First Department affirmed his conviction on October 12, 1995. *People v. Johnson*, 220 A.D.2d 277, 632 N.Y.S.2d 107 (1st Dep't 1995). (*See* Petition ¶ 9.) The Court of Appeals denied leave to appeal on May 6, 1996. *See People v. Johnson*, 88 N.Y.2d 880, 645 N.Y.S.2d 455, 668 N.E.2d 426 (1996). (*See* Petition ¶ 9.)

Johnson's federal habeas petition raises four claims. (Petition ¶ 12.) Johnson's first habeas claim is that the prosecution withheld evidence (an autopsy tape). (Petition ¶ 12(A).) Johnson's second claim is that the evidence at trial was insufficient to support a finding of guilt beyond a reasonable doubt. (Petition ¶ 12(B).) Johnson's third habeas claim is ineffective assistance of trial counsel. (Petition ¶ 12(C).) Finally, Johnson's fourth habeas claim is that the reasonable doubt jury instructions were constitutionally inadequate. (Petition ¶ 12(D).)

Johnson's petition concedes that his third habeas ground—ineffective assistance of trial counsel—was not presented to the state courts: "Ground three was not presented in any other court, due to your petitioner's lack of knowledge of the law, which is no excuse yet made part of the record." (Petition ¶ 13.)

## ANALYSIS

### JOHNSON'S PETITION SHOULD BE DENIED WITHOUT PREJUDICE AS A MIXED PETITION

Johnson's Petition concedes that his third habeas ground—ineffective assistance of trial counsel—has not been exhausted in state court. (Petition ¶ 13.) As such, his petition is a "mixed" one and should be dismissed without prejudice.[1]

**A. Prior to the Antiterrorism and Effective Death Penalty Act, the Court Was Required to Dismiss "Mixed" Petitions Containing Both Exhausted and Unexhausted Claims**

This section discusses the law as to "mixed" petitions in effect prior to the April

---

1. It appears from the Petition and a reading of the First Department's decision that Johnson's first and second habeas grounds were raised on direct appeal. *Compare* Petition ¶ 12(A–B) *with People v. Johnson*, 220 A.D.2d 277, 632 N.Y.S.2d 107 (1st Dep't 1995). It is not clear from the Petition and the First Department's decision whether Johnson raised his fourth habeas ground in state court. However, because the petition is "mixed" regardless of whether the fourth ground was raised in state court, the Court need not now determine whether the fourth claim is exhausted.

It would be contrary to Congress's intent in enacting the Antiterrorism and Effective Death Penalty Act and the Prisoner Litigation Reform Act—to screen out meritless cases without requiring overburdened state agencies to respond—for the Court to require the State to respond to the Petition here merely in order to determine whether Johnson's fourth habeas claim is exhausted. The Court can address that issue, if necessary, if Johnson withdraws his concededly unexhausted third habeas ground.

24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

A federal court may not consider the merits of a state prisoner's petition for a writ of habeas corpus until the petitioner has exhausted the state remedies available to him. 28 U.S.C. § 2254(b).[2] While pre-amendment Section 2254 did not directly address the problem of "mixed" habeas petitions, that is, those containing both exhausted and unexhausted claims, the Supreme Court adopted a rule of total exhaustion in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The Supreme Court held:

> Because a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute, we hold that a district court must dismiss such "mixed petitions," leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.

*Id.* at 510, 102 S.Ct. at 1199.[3] The Supreme Court explained that the complete "exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. at 518, 102 S.Ct. at 1203. "A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Id.* at 518–19, 102 S.Ct. at 1203. The Supreme Court further noted that the total exhaustion rule will not impair the prisoner's interest in obtaining speedy federal relief "since he can always amend the petition to delete the unexhausted claims." *Id.* at 520, 102 S.Ct. at 1204.[4]

The Second Circuit held, prior to the AEDPA, that "[p]assing on the merits of claims in a habeas petition containing unexhausted claims runs counter to *Rose v. Lundy* . . . ." *Levine v. Commissioner of Correctional Services*, 44 F.3d 121, 125 (2d Cir. 1995); *accord, e.g., Boyd v. Hawk*, 94 Civ. 7121, 1996 WL 406680 at *3 (S.D.N.Y. May 31, 1996); *Ehinger v. Miller*, 928 F.Supp. 291, 293 (S.D.N.Y.1996).

### B. *Effect of the AEDPA*

On April 24, 1996, President Clinton signed the AEDPA into law. The AEDPA significantly modified § 2254 for non-death penalty cases. The AEDPA permits the Court to deny on the merits habeas petitions containing unexhausted claims. Thus, 28 U.S.C. § 2254 now states, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; . . .
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254(b)(1)-(2) (as amended by the AEDPA).

Section 2254(b) merely gives the Court discretion to deny unexhausted petitions on the merits; it does not require the Court to determine unexhausted claims. *See* 28 U.S.C. § 2254(b)(2), as amended.

---

**2.** Prior to amendment by the AEDPA, 28 U.S.C. § 2254(b) provided that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

**3.** *Accord, e.g., Levine v. Commissioner of Correctional Services*, 44 F.3d 121, 124 (2d Cir.1995); *Grady v. LeFevre*, 846 F.2d 862, 864 (2d Cir. 1988); *Petrucelli v. Coombe*, 735 F.2d 684, 687 (2d Cir.1984).

**4.** However, "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." *Id.* at 521, 102 S.Ct. at 1205.

The Court agrees with the similar decision in *Duarte v. Hershberger,* 947 F.Supp. 146 (D.N.J.1996), where the Court explained:

> Pursuant to the 1996 AEDPA amendments, however, the Court may exercise discretion to hear and deny petitioner's non-exhausted claim; the total exhaustion rule is no longer binding. *See* 28 U.S.C. § 2254(c) [sic; § 2254(b)]. The Court, however, declines to exercise the discretion to hear and dismiss petitioner's application in this case.

> By refusing to exercise the discretion provided under section 2254(c) [sic; § 2254(b)], this Court endorses the rationale of the "total exhaustion rule" and continues to furnish state appellate courts the initial opportunity to correct trial court decisions. Moreover, the refusal to exercise discretion here does not conflict with the intent of Congress. In fact, enforcing the "total exhaustion rule" in this context will "encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition." *Rose,* 455 U.S. at 520, 102 S.Ct. at 1204. This will serve to avoid piecemeal litigation and eventually decrease the burden on federal courts. *Id.*

> Finally, the Court notes that applying the "total exhaustion rule" in cases such as this one does not unduly prejudice petitioners. Those who misunderstand the requirement and submit unacceptable "mixed petitions" may resubmit their application pending either the removal of the unexhausted claim, or exhaustion of the offending claim at the state level.

*Duarte v. Hershberger,* 947 F.Supp. at 150; *accord, Walker v. Miller,* 959 F.Supp. 638, 642–43 (S.D.N.Y.1997) (Peck, M.J.).

The Court here need not decide under what circumstances it would be more appropriate to consider the merits of unexhausted claims pursuant to § 2254(b). Suffice it to say that in this case, the Court believes it appropriate to decline to exercise its discretion to decide the petition on the merits. In particular, Johnson's first two habeas grounds (withholding of the autopsy tape and sufficiency of the evidence) were decided on independent state procedural grounds. *See*

*People v. Johnson,* 220 A.D.2d at 277, 632 N.Y.S.2d at 108. As such, they likely are barred from federal habeas review under the "adequate and independent state ground" doctrine of *Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989), and *Coleman v. Thompson,* 501 U.S. 722, 735, 111 S.Ct. 2546, 2557, 115 L.Ed.2d 640 (1991). Thus, his unexhausted claim(s) would be the driving force in his federal habeas petition.

The Court notes that petitioner Johnson should not be heard to complain about the Court's decision as to his mixed petition. Under the AEDPA, this Court can reach the merits as to unexhausted claims only if it denies them. Indeed, although the Court need not decide the issue, it appears that in a mixed petition context, the Court can reach the merits of the unexhausted claims only if it denies on the merits the entire petition, including the exhausted claims. *See* 28 U.S.C. § 2254(b)(2) (as amended) ("*An application for a writ of habeas corpus may be denied on the merits* notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.") (emphasis added).

## CONCLUSION

For the reasons set forth above, the Court should deny Johnson's federal habeas petition without prejudice as a "mixed" petition.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 750 and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Rakoff. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474

U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).