**Hanna NASR, Petitioner,**

v.

**Jimmy STEGALL, Respondent.**

No. 96–CV–72518–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 15, 1997.

Janet Van Cleve, Michigan Dept. of Atty. Gen., Habeas Corpus Div., Lansing, MI, for Respondent.

Hanna Nasr, Macomb Regional Correctional Facility, New Haven, MI, pro se.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

ZATKOFF, District Judge.

### I.  Introduction

This matter is before the Court on petitioner Hanna Nasr's *pro se* habeas corpus petition under 28 U.S.C. § 2254. On May 31, 1990, a jury in Macomb County Circuit Court found petitioner guilty of delivery and conspiracy to deliver 650 or more grams of heroin, M.C.L.A. § 333.7401(2)(a)(i); M.S.A. § 14.15(7401)(2)(a)(i). On July 26, 1990, the trial court sentenced petitioner to concurrent mandatory sentences of life imprisonment without parole.

Petitioner raised the pending habeas issues in the Michigan Court of Appeals, which affirmed the convictions and sentence. *See People v. Nasr*, No. 132492 (Mich.Ct.App. January 5, 1995). The Michigan Supreme Court subsequently denied petitioner's application for leave to appeal. *People v. Nasr*, 450 Mich. 909, 543 N.W.2d 310 (1995).

On May 30, 1996, petitioner filed the pending habeas petition, alleging the following grounds for relief:

I.  THE TRIAL JUDGE ERRED BY HOLDING THAT MR. NASR HAD NOT BEEN ENTRAPPED BECAUSE MR. NASR'S TESTIMONY REGARDING IMPROPER CONDUCT BY A POLICE AGENT WAS UNCONTRADICTED AND CLEARLY ESTABLISHED ENTRAPMENT.

II.  THE PRESIDING JUDGE'S FAILURE TO INSTRUCT THE JURY IN ACCORDANCE WITH MR. NASR'S THEORY OF THE CASE AND/OR ON THE LAW APPLICABLE TO THE FACTS OF THE CASE DENIED MR. NASR HIS RIGHT TO A FAIR TRIAL.

A.  THE TRIAL JUDGE VIOLATED HIS DUTY TO *SUA SPONTE* CHARGE THE JURY IN ACCORDANCE WITH MR. NASR'S THEORY OF THE CASE, THAT SCIENTER IS A NECESSARY ELEMENT OF THE CHARGED OFFENSES.

B.  THE TRIAL JUDGE VIOLATED HIS DUTY TO INSTRUCT THE JURY THAT MR. NASR COULD NOT BE FOUND GUILTY OF CONSPIRACY TO DELIVER HEROIN IF THE CONSPIRACY WAS ONLY WITH POLICE AGENT HUSSEIN FARAJ AND/OR OFFICER KUEHNEL.

III.  THE TRIAL JUDGE REVERSIBLY ERRED BY DENYING MR. NASR'S MOTION FOR SEVERANCE.

IV.  THE TRIAL JUDGE'S IMPROPER RULING THAT MR. NASR COULD NOT USE PORTIONS OF TAPE RECORDED STATEMENTS FOR PURPOSES OF IMPEACHMENT DENIED MR. NASR HIS FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO CON-

FRONTATION AND DUE PROCESS.

V. MR. NASR'S CONVICTION MUST BE REVERSED BECAUSE THE TRIAL COURT DENIED A REQUEST TO INFORM THE JURY OF THE MANDATORY PENALTIES CARRIED BY THE CHARGED OFFENSES AND GAVE A MISLEADING INSTRUCTION WHICH IMPLIED THAT THE COURT HAD THE POWER TO DETERMINE SENTENCE.

VI. THE MANDATORY NON–PAROLABLE LIFE SENTENCE REQUIRED BY M.C.L.A. § 333.7403(2)(a)(iii) VIOLATED MR. NASR'S RIGHT TO BE FREE FROM CRUEL OR UNUSUAL PUNISHMENT.

VII. DEFENSE COUNSEL'S FAILURE TO REQUEST THAT THE JURY BE INSTRUCTED IN ACCORDANCE WITH THE DEFENSE THEORY OF THE CASE DENIED MR. NASR OF THE EFFECTIVE ASSISTANCE OF COUNSEL.

Respondent has answered the habeas petition through counsel.

## II. Discussion

This case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214 (April 24, 1996), because petitioner filed his habeas petition after April 24, 1996. *Lindh v. Murphy*, —— U.S. ——, ——, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997). The AEDPA amended 28 U.S.C. § 2254, which reads in pertinent part as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State.

(3) An applicant shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b) and (c) (1996).

Thus, "[a]s a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies." *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir.1995). "[A] habeas petition containing both exhausted and unexhausted claims must be dismissed in its entirety." *O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir.1996) (citing *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)), *cert. denied*, —— U.S. ——, 117 S.Ct. 754, 136 L.Ed.2d 690 (1997), *and cert. denied*, —— U.S. ——, 117 S.Ct. 742, 136 L.Ed.2d 681 (1997). "A petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied*, 509 U.S. 907, 113 S.Ct. 3001, 125 L.Ed.2d 694 (1993).

Petitioner exhausted state remedies for habeas claims IV through VII by raising those claims as federal constitutional issues in the State's appellate courts. Petitioner raises his first two claims in state court essentially as issues of state law, and he raised his third claim in state court strictly as a state law claim. Therefore, the habeas

petition is subject to dismissal as a "mixed petition" of exhausted and unexhausted claims. *Rose v. Lundy,* 455 U.S. at 510, 102 S.Ct. at 1199; *O'Guinn v. Dutton,* 88 F.3d at 1412; *Levine v. Torvik,* 986 F.2d at 1516.

The Court is mindful that, under the AEDPA, the Court could deny the habeas petition despite petitioner's failure to exhaust state remedies for all his claims. 28 U.S.C. § 2254(b)(2); *Hoxsie v. Kerby,* 108 F.3d 1239, 1242–42 (10th Cir.1997) (stating that the AEDPA "codifies the holding in *Granberry [v. Greer,* 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987) ] by authorizing the denial of a petition on the merits despite failure To exhaust state remedies."), *petition for cert. filed,* —— U.S. ——, 118 S.Ct. 126, —— L.Ed.2d —— (1997). However,

> [t]he AEDPA preserves the traditional exhaustion requirement, which requires the district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in State court. § 2254(b)(1)(A) & (c). The AEDPA also leaves undisturbed the holding in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), that a 'mixed' petition, containing both exhausted and nonexhausted claims, must be dismissed under the exhaustion requirement. 455 U.S. at 510, 102 S.Ct. at 1199.

*Gaylor v. Harrelson,* 962 F.Supp. 1498, 1499 (N.D.Ga.1997). Section 2254(b) "merely gives the Court discretion to deny unexhausted petitions on the merits; it does not require the Court to determine unexhausted claims." *Johnson v. Scully,* 967 F.Supp. 113, 115 (S.D.N.Y.1997); *Walker v. Miller,* 959 F.Supp. 638, 642 (S.D.N.Y.1997).

■ For the following reasons, the Court declines to exercise its discretion under § 2254(b) to address the merits of the petition despite petitioner's failure to exhaust state remedies. First, the total exhaustion rule promotes comity and minimizes friction between federal and state courts by provid-ing the state courts with the first opportunity to correct state court errors. *Rose v. Lundy,* 455 U.S. at 515–16, 102 S.Ct. at 1201–02; *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981).

Second, petitioner has an available state remedy. He could file a motion for relief from judgment in the trial court. See M.C.R. 6.502. The trial court is authorized to appoint counsel, to seek a response from the prosecutor, to expand the record, to permit oral argument, and to conduct an evidentiary hearing. *See* M.C.R. 6.505–6.507, 6.508(B) and (C). If petitioner is unsuccessful in the trial court, he may apply for leave to appeal in the Michigan Court of Appeals and in the Michigan Supreme Court. M.C.R. 6.509(A), 7.203, and 7.302.

■ Third, respondent has not expressly waived the exhaustion requirement as to petitioner's first three claims. *See* 28 U.S.C. § 2254(b)(3). Finally, a dismissal will not prejudice petitioner because he may resubmit his petition either after removing the unexhausted claims or after fairly presenting his unexhausted claims to the Michigan Court of Appeals and to the Michigan Supreme Court.[1] *Rose v. Lundy,* 455 U.S. at 510, 102 S.Ct. at 1199. Habeas petitioners risk having a second petition dismissed as a "second or successive petition" under 28 U.S.C. § 2244(b). However, a petition is not a second or successive petition if it follows a petition that was dismissed for failure to exhaust state remedies. *Dickinson v. State of Maine,* 101 F.3d 791 (1st Cir.1996); *In re Turner,* 101 F.3d 1323, 1323 (9th Cir.1996); *Camarano v. Irvin,* 98 F.3d 44, 47 (2nd Cir.1996).

### *III. Conclusion*

The Court concludes that petitioner did not exhaust state remedies for all his claims, and that he has an available state remedy. Accordingly, the Court **DISMISS-**

---

1. If petitioner returns to state court, he has the burden of showing that his grounds for relief were not decided against him in his appeal of right. M.C.R. 6 508(D)(2). He will also have to show "good cause" and "actual prejudice" for failing to raise his claims on appeal. M.C.R. 6.508(D)(3). Of course, petitioner would have to make a similar showing of "cause and prejudice" here if the Court were to conclude that he had failed to exhaust state remedies for his claims and no longer had an available remedy. *Hannah v. Conley,* 49 F.3d at 1195–96; *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir.1994).

ES the petition **WITHOUT PREJUDICE** to petitioner's right to renew his petition after presenting his first three claims as federal constitutional issues at all levels of state court review or after amending and resubmitting his habeas petition with only exhausted claims IV through VII. *Rose v. Lundy,* 455 U.S. at 510, 102 S.Ct. at 1199.

### *JUDGMENT*

This matter having come before the Court on a petition under 28 U.S.C. § 2254, United States District Judge LAWRENCE P. ZATKOFF presiding, and pursuant to the memorandum opinion and order of dismissal entered on September 15, 1997, the Court **DISMISSES** the habeas petition **WITHOUT PREJUDICE.**

Moreover, petitioner conceivably could be prejudiced if this Court decided his exhausted and unexhausted claims on the merits. It appears that, in the context of a mixed petition, a habeas court can reach the merits of the unexhausted claims only if it denies the entire petition, including the exhausted claims, on the merits. *Johnson v. Scully,* 967 F.Supp. at 116; *Walker v. Miller,* 959 F.Supp. at 643.