ALLEN, Judge.
The appellant, a death row inmate at Florida State Prison, appeals the dismissal of his civil rights complaint that alleged his right to access to the courts was violated by various prison officials acting pursuant to unspecified prison policies and regulations. Because the complaint stated a cause of action under 42 U.S.C.A. § 1983, we reverse.
To state a cause of action under 42 U.S.C.A. § 1983, the plaintiff must allege that a person acting under color of state law, deprived him of rights protected by the constitution or federal statutes. Higdon v. Metropolitan Dade Cty., 446 So.2d 203, 205 (Fla. 3d DCA 1984). A 1983 action will lie to challenge the denial of access to the courts. See Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).
The Supreme Court in Bounds held that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. In Florida, an inmate in confinement has access to library materials in accordance with Florida Administrative Code Rule 33-3.0084(i). The appellant does not challenge this rule or otherwise contend that the prison library is inadequate, Rather, he challenges unspecified regulations that (1) require any personal property that does not fit in his footlocker to be stored in the prison property room, with access available only when he has a court-ordered deadline, (2) restrict the receipt of legal material to four allowances per year, and (3) denied him complete access to the law library when he was placed on disciplinary confinement for sixty days. Thus, the appellant is not alleging a complete deprivation of his right to use the library or access his materials, but rather alleges that the restrictions upon that use impinge upon his right to access to the court. Where a prisoner alleges this type of limited infringement, the federal courts have generally required some showing of prejudice or injury in the form of an actual denial of access to support their claim. See, e.g., Chandler v. Baird, 926 F.2d 1057 (11th Cir.1991); Hossman v. Spradlin, 812 F.2d 1019 (7th Cir.1987); MaGee v. Waters, 810 F.2d 451 (4th Cir.1987); Hudson v. Robinson, 678 F.2d 462 (3d Cir.1982). In other words, the prisoner must allege some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption or delay of plaintiff's pending or contemplated litigation. Hossman, 812 F.2d at 1021-22 n. 2.
In his complaint, the appellant alleged instances of prejudice arising from the ap-pellees’ actions in restricting his access to the law library and his legal materials. For example, he alleged that he was prevented from filing an amended complaint that was overdue in a civil case, and he alleged that he was permanently deprived of the ability to initiate a legal action designed to challenge the disciplinary action that resulted in his confinement. These allegations contain the required assertion of prejudice. We therefore conclude that the appellant’s complaint on its face states a cause of action, and, accordingly, the trial court erred in dismissing his complaint. See Patterson v. Mintzes, 717 F.2d 284 (6th Cir.1983).
We emphasize that the question in this case only involves the sufficiency of the allegations to survive a dismissal for failure to state a cause of action. The order dismissing the appellant’s complaint is reversed, and this cause is remanded for further proceedings.
ZEHMER and WEBSTER, JJ., concur.