689 So.2d 409 (1997)
William R. OMASTA, Jr., Appellant,
v.
William "Bill" BEDINGFIELD, et al., Appellees.
No. 96-1078.
District Court of Appeal of Florida, Fifth District.
March 7, 1997.
William R. Omasta, Jr., Bushnell, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph Lee, Assistant Attorney General, Tampa, for Appellees.
HARRIS, Judge.
William R. Omasta, a self-proclaimed "jailhouse lawyer," brings his own action against William Bedingfield, Superintendent of the Sumter Correctional Facility, Harry Singletary, Jr., Secretary of the Department of Corrections, and Don Simpson, Chief of Classification at Sumter Correctional Institution claiming discrimination based on age. In this action, he claims that older inmates are put upon by younger inmates and that his medical needs were ignored when he was assigned to work in the kitchen while on medical restriction. This case was consolidated with his separate action claiming he was put on kitchen duty in retaliation for his efforts as a jailhouse lawyer.
The trial court found that Omasta's complaints failed to state a cause of action and that appellees were, "entitled to qualified immunity under the facts and circumstances alleged," and dismissed the actions with prejudice. We affirm the dismissals but remand for the opportunity to amend.
Under the qualified immunity doctrine, "government officials performing discretionary *410 functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The Florida Supreme Court has furthermore recognized that the qualified immunity of public officials involves "immunity from suit rather than a mere defense to liability." Tucker v. Resha, 648 So.2d 1187, 1189 (Fla.1994) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985)). However, while the Florida Supreme Court has made it clear that the issue of qualified immunity should be considered at the pleading stage, this does not mean that Omasta should not be permitted to plead his best case.
In order to adequately state a cause of action under section 1983, a plaintiff must allege that a person acting under color of state law deprived him of rights protected by the United States Constitution or federal statutes. Rankin v. Colman, 476 So.2d 234 (Fla. 5th DCA 1985), rev. denied, 484 So.2d 7 (Fla.1986). Omasta's complaints contain a number of general allegations regarding appellees' alleged indifference to his medical needs and restrictions, retaliation for his efforts as a jailhouse lawyer by assigning him to the kitchen detail, and failure to protect older inmates from younger inmates. But the complaints fail to allege that appellees were personally involved in any deprivation of his rights or that any causal connection existed between acts of appellees and any constitutional violation. It is within the Department's discretion to assign or reassign inmates to work that it believes them best suited. There is no indication that any of the appellees believed that Omasta was physically incapable of performing the duties assigned. He complains that he was transferred out of an air-conditioning maintenance job into the kitchen. He is, after all, in prison. He is not entitled to make the decisions relating to job assignments. Further, short of segregating older inmates from younger inmates, he does not suggest how this alleged harassment can be avoided. What policy, statute or constitutional provision is he claiming was violated? Certainly every inmate regardless of age has the right not to be abused by other inmates if it can be avoided by prison officials but what did these officials do that they should not have done? Since Omasta's complaints appear to be directed at the discretionary actions of appellees, they were properly dismissed.
We have previously held that unless it appears that the privilege to amend has been abused or that a complaint is clearly untenable, it is an abuse of discretion to dismiss with prejudice. Kovach v. McLellan, 564 So.2d 274 (Fla. 5th DCA 1990). This appears particularly true of civil rights complaints. Cruz v. Cardwell, 486 F.2d 550 (8th Cir.1973). Omasta should be given the chance to amend.
DISMISSAL AFFIRMED; REMANDED with instructions to permit amendment to the complaints.
DAUKSCH, J., concurs.
GRIFFIN, J., dissents, without opinion.