SHAHOOD, Judge.
Appellant, Lawrence Lawton, was arrested for shoplifting. The charge was disposed of promptly, and a fifteen day jail sentence was imposed; however, Lawton continued to be held in jail on an outstanding capias relating to 1984 charges of a DUI/automobile accident and leaving the scene of an accident. He alleges that he was held 607 days before being taken before a magistrate who adjudicated him guilty and sentenced him to 150 days in jail with credit for time served.
Lawton then filed suit against appellee, Ron Cochran, the Sheriff of Broward County, and other defendants not involved in this appeal, seeking damages for violation of Lawton’s civil rights and negligence. He asserted that Cochran owed a duty to the Plaintiff to ensure that he was accounted for and that his presence in the Defendant’s facility was brought to the attention of the courts of Broward County and or a judicial officer or magistrate to ensure that he was not deprived of his liberty without due process of law. After granting several of Cochran’s motions to dismiss and allowing Lawton leave to amend to “allege specific duties owed by the Sheriff,” the trial court dismissed Lawton’s Third Amended Complaint with prejudice. Lawton appeals that decision, and we reverse.
In order to state a cause of action under 42 U.S.C. § 1983, the plaintiff must allege that “a person acting under color of state law deprived him of rights protected by the United States Constitution or federal statutes.” Omasta v. Bedingfield, 689 So.2d 409 (Fla. 5th DCA 1997)(citing Rankin v. Colman, 476 So.2d 234 (Fla. 5th DCA 1985), rev. denied, 484 So.2d 7 (Fla.1986)); Lambrix v. Singletary, 618 So.2d 787 (Fla. 1st DCA 1993)(a 1983 action will lie to challenge the denial of access to the courts). It is important also for the plaintiff to show that the defendant was personally involved in depriving the plaintiff of his rights or to show a causal connection between the acts of the defendant and any constitutional violation. Omasta. In addition, the deprivation of rights must be “fairly attributable” to a state actor, and caused “by the exercise of some right or privilege created by the state.” Foshee v. Health Management Assocs., 675 So.2d 957 (Fla. 5th DCA), rev. denied, 686 So.2d 578 (Fla.1996).
In this case, Lawton alleged that he was held for approximately one year and eight months before he was brought before a judge to answer to the 1984 DUI charges, that he ultimately pled guilty to the reduced charge of reckless driving, and that he was sentenced to ninety days in jail, was given time served, and was released. He alleged also that Cochran’s implementation of certain internal policies and procedures resulted in Lawton’s being denied several constitutional rights, including a speedy trial, access to courts, and government-appointed counsel. Under 42 U.S.C. § 1983, Lawton has met his burden of pleading that he was deprived of rights protected by the Constitution and that there was a causal connection between Cochran’s procedures and the deprivation.
As such, we reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WARNER and KLEIN, JJ., concur.