**Danny Ray THOMAS, Plaintiff–Appellant,**

v.

**Donal CAMPBELL, Commissioner; Jim Rose, Assistant Commissioner; Kevin Myers, Warden, Defendants–Appellees.**

No. 00–6377.

United States Court of Appeals,
Sixth Circuit.

June 11, 2001.

Before RALPH B. GUY, JR., NORRIS, and GILMAN, Circuit Judges.

Danny Ray Thomas, a pro se Tennessee prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Thomas sued the Commissioner of Corrections, the Assistant Commissioner of Corrections, and the prison warden contending that the prison's law library was too small for the number of prisoners seeking to use it. Further, there were only two typewriters available for the prisoners to use and these typewriters were not always operational. The district court dismissed the complaint as frivolous under 28 U.S.C. § 1915(e)(2).

In his timely appeal, Thomas argues that he has several suits pending in both state and federal court and the denial of proper access to the law library will prejudice his cases. Further, Thomas states that he should have been given the opportunity to amend his complaint prior to dismissal, that he has been subjected to retaliation for filing his suit, and that prison officials seriously altered one of his prison grievances.

The district court's order is reviewed de novo. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

The district court properly dismissed Thomas's suit as frivolous. Thomas contends that he should have been allowed to amend his complaint before it was dismissed. Under 28 U.S.C. § 1915A, a district court is required to screen all civil cases brought by prisoners to determine if the complaint is frivolous. *Id.* at 608. If the case is frivolous, the case must be dismissed. *Id.* As Thomas's complaint is frivolous, the district court properly dismissed the complaint without allowing Thomas the opportunity to amend his complaint.

Thomas has not been deprived of his constitutional right of access to the courts. Prisoners have a right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). However, as this court made clear in *Thaddeus–X v. Blatter*, 175 F.3d 378, 391 (6th Cir.1999), a prisoner's access to the courts extends only to direct appeals, habeas corpus applications, and civil rights claims. Impairments to any other litigating capacity is simply one of the incidental and constitutional consequences of conviction and incarceration. *Id.* Thomas did not allege in his complaint what type of legal proceedings he had pending in the courts. As *Thaddeus–X* explicitly limits the right of access to the courts to those cases involving constitutional questions, Thomas did not allege specific grounds establishing the deprivation of access to the courts.

Further, Thomas states that the defendants' alleged actions may cause his pending legal proceedings to be dismissed. A speculative injury does not vest a plaintiff with standing. *Lewis v. Casey*, 518 U.S. 343, 351–52, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Thus, Thomas has not established standing to bring his case.

Thomas complains that he does not have access to the prison library on every occasion that he wishes to do research. There is no constitutional right to any particular number of hours in the law library. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir.1985). As Thomas admits that he has had access to the prison library, but just not as often as he desires, no constitutional violation has been established. *Id.*

Finally, Thomas asserts that he has been subjected to retaliation as a result of filing his suit and that prison officials seriously altered one of his grievances. These issues were not raised in the district court and, therefore, are not reviewable on appeal. *Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir.1993).

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.