James Jacob JORDAN, Plaintiff–
Appellant,

v.

Samuel LOGAN; State of Nevada;
Susan Southwick, Defendants–
Appellees.

No. 01–16290.

D.C. No. CV–00–00512–ECR/PHA.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2002.*

Decided April 16, 2002.

Before BROWNING, KLEINFELD,
and GOULD, Circuit Judges.

MEMORANDUM**

James Jacob Jordan, a resident of Nevada, appeals pro se the district court's dismissal of his complaint without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B). Jordan brings claims under 42 U.S.C. § 1983 against the State of Nevada and two Nevada state employees. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm.

The district court properly dismissed Jordan's claims for damages against the state, and against the state employees in their official capacities, because these claims are barred by the Eleventh Amendment. *See Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

Further, the district court properly dismissed the claims against the state employees in their personal capacities. The amended complaint appears to allege that the employees wrongfully "evicted" Jordan from the Nevada Supreme Court Law Library for being disruptive without first giving Jordan a warning as required by library policy. Jordan does not have a property or liberty interest in access to the library, however, and failure to give him a warning does not constitute a deprivation of a due process right secured by federal law. *See Jacobson v. Hannifin*, 627 F.2d 177, 180 (9th Cir.1980) ("Procedural guarantees ordinarily do not transform a unilateral expectation into a constitutionally protected interest.").

Because it is clear "that the pleading could not possibly be cured by the allegation of other facts," the district court did

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

not abuse its discretion by dismissing the amended complaint without providing Jordan a second opportunity to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.