Danny Ray THOMAS, Plaintiff–
Appellant,

v.

Linda ROCHELL, Asst. Warden of CCA, SCCF; Corrections Corporation of America, S.C.C.F., Defendants–Appellees.

No. 02–5189.

United States Court of Appeals,
Sixth Circuit.

Sept. 18, 2002.

Before GUY and BATCHELDER, Circuit Judges; QUIST, District Judge.*

Danny Ray Thomas, a pro se Tennessee prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Thomas sued the assistant warden of the prison, Linda Rochell, and the owner of the prison, Corrections Corporation of America, contending that his First Amendment right of access to the courts had been violated. Upon de novo review of a magistrate's judge's report, the district court granted summary judgment to the defendants.

In his timely appeal, Thomas argues that he did suffer an actual injury and that the district court misapplied the law. He

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

also continues to raise the same issues that he presented in the district court.

We review the district court's order de novo. *See Kincaid v. Gibson,* 236 F.3d 342, 346 (6th Cir.2001).

Upon review of the undisputed facts, we conclude that the defendants were entitled to summary judgment as a matter of law. Inmates have a constitutionally protected right of access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). However, the right of access to the courts is not unrestricted and does not mean that an inmate must be afforded unlimited litigation resources. *See Lewis v. Casey,* 518 U.S. 343, 352–55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). There is no generalized "right to litigate" which is protected by the First Amendment. *Thaddeus–X v. Blatter,* 175 F.3d 378, 391 (6th Cir.1999). In *Lewis,* the Supreme Court held that an inmate claiming that he was denied access to the courts must show that he suffered an actual litigation related injury or legal prejudice because of the actions of the defendants. *Lewis,* 518 U.S. at 349–51, 116 S.Ct. 2174; *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996). Thus, not every infringement or inconvenience suffered by the litigating prisoner implicates this constitutional right.

Further, not every actual legal injury or prejudice suffered by a prisoner triggers constitutional concerns. The Court noted in *Lewis* that the First Amendment only protects a prisoner's access to the courts as it relates to cases which attack his convictions and sentences and to cases which challenge the conditions of his confinement. *Lewis,* 518 U.S. at 355, 116 S.Ct. 2174. The Supreme Court noted that the latter category of cases arose from *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), which extended the right of access to the courts

to civil rights actions brought under 42 U.S.C. § 1983. *Lewis,* 518 U.S. at 354, 116 S.Ct. 2174. In *Thaddeus–X,* this court noted that the right of access to the courts extends only to "direct appeals, habeas corpus applications, and civil rights claims." *Thaddeus–X,* 175 F.3d at 391.

Thomas has identified four cases which he contends were impacted by the defendants' actions: 1) a Tennessee Claims Commission case based on allegations of medical malpractice, Case No. 2000574; 2) a Davidson County (Tennessee) Circuit Court case based on allegations of medical malpractice, Case No. 00C–2532; 3) a case in the Middle District of Tennessee, *Thomas v. Campbell, et al.,* No. 1:00–0116, concerning the adequacy of the prison library; and 4) a case in the Middle District of Tennessee, *Thomas v. Webb, et al.,* No. 3:99–1175, based on allegations of the denial of adequate medical care.

■ The first two cases involve state tort claims and medical malpractice claims against two prison doctors and the State of Tennessee. A prisoner has no remedy under § 1983 to pursue tort claims against prison officials. *Walker v. Norris,* 917 F.2d 1449, 1454 (6th Cir.1990). Under *Lewis* and *Thaddeus–X,* any alleged prejudice regarding these two cases will not support a claim that Thomas was denied his constitutional right of access to the courts. Thus, Thomas's two state actions do not establish an injury.

■ The third and fourth cases are § 1983 actions which involve Thomas's civil rights. Thus, they would appear to implicate First Amendment protection. However, the third lawsuit was dismissed by the district court prior to service of process under 28 U.S.C. § 1915(e)(2). *See Thomas v. Campbell,* 12 Fed.Appx. 295 (6th Cir.2001). A frivolous lawsuit, even if it is a civil rights lawsuit, fails to satisfy

the standards set forth in *Lewis* and *Thaddeus–X*. *See Lewis*, 518 U.S. at 353 n. 3, 116 S.Ct. 2174. Accordingly, this action cannot be found to support Thomas's First Amendment claims.

 Thus, of the four cases identified by Thomas, only his civil rights lawsuit in *Thomas v. Webb*, No. 3:99–1175, triggers First Amendment protection. However, the evidence shows that Thomas suffered no prejudice or injury to this case because of the defendants' alleged actions.

In the *Webb* case, Thomas sought notary service and a copy of his trust fund account in conjunction with his application to proceed in forma pauperis. The application was granted by the district court in an order entered on October 30, 2000. Thus, Thomas suffered no actual prejudice or legal injury because of his inability to obtain notary service or a copy of his trust fund account. Thomas also did not show how the denial of his request for postage on October 4, 2000, caused him to suffer actual legal injury or prejudice. In his deposition, Thomas admitted that he had suffered no legal injury because of the denial of postage. As to his allegation about the denial of photocopies, Thomas was provided with copies of the material he wanted to file in the case and did mail the copies to the district court. Thomas did not provide any evidence that the delay in his obtaining copies of documents for the case caused him any prejudice or injury. Thus, Thomas failed to establish that the defendants denied him access to the courts.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.