**Robert L. SMITH, Jr., Plaintiff–
Appellant,**

**v.**

**Larry CRAVEN, Warden; Randy
Eckman, et al., Defendants–
Appellees.**

No. 01–5634.

United States Court of Appeals,
Sixth Circuit.

March 19, 2003.

Before COLE, GILMAN, and BRIGHT,* Circuit Judges.

## ORDER

Robert L. Smith, Jr., a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Seeking monetary and equitable relief, Smith sued several prison officials (Craven, Eckman, Perez, Pritchard, Harville, Daniels, Thorpe, Futrell, Danford, Blockett, Woods, Scott, Moore, Haggard, and Sawyer) in their individual and official capacities. The defendants were employed by the Corrections Corporation of America (CCA) and worked at Hardeman County Correctional Facility where Smith was housed. Smith essentially asserted that: 1) his personal property and word processing equipment were damaged during a cell search; 2) the defendants violated his right of access to the courts by confiscating his legal papers; 3) the defendants violated his right to due process during disciplinary proceedings; 4) the defendants violated due process by not following Tennessee Department of Correction (TDOC) policies; 5) his confinement in segregation violated his right to be free from cruel and unusual punishment; and 6) the defendants retaliated against him for exercising his rights under the First and Fourteenth Amendments. The district court sua sponte dismissed the action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), but noted that Smith had failed to demonstrate exhaustion of administrative remedies with regard to his retaliation claim.

Smith has filed a timely appeal and reasserts his retaliation claim.

■ Smith fails to reassert on appeal the first five claims presented in his complaint. Issues raised in the district court but not on appeal are considered abandoned and are not reviewable. *Kocsis v. Multi–Care Mgmt.*, 97 F.3d 876, 881 (6th Cir.1996). Thus, the dismissal of Smith's first five claims has not been reviewed.

This court reviews de novo a district court order dismissing a complaint pursuant to 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.

1997). Where a claim is frivolous or fails to state a claim upon which relief can be granted, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103–04 (6th Cir.1998).

■ Upon review, we conclude that the district court's judgment must be affirmed as to all portions of Smith's retaliation claim which are frivolous or fail to state a claim, despite any exhaustion problems. In his retaliation claim, Smith asserted that the defendants retaliated against him for exercising his rights under the First and Fourteenth Amendments by filing grievances and lawsuits and working as a paid inmate advisor.

To state a First Amendment claim for retaliation, a plaintiff must establish that: 1) he engaged in protected conduct; 2) he suffered an adverse action which would deter a person of ordinary firmness from continuing to engage in the protected conduct; and 3) the adverse action was motivated at least in part by the protected conduct. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999). "[I]f a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one." *Id.* at 395. But if the plaintiff establishes the three elements, the burden of production then shifts to the defendants to show that their actions would not have been different absent the plaintiff's protected conduct. *Id.* at 400.

Smith failed to state a claim for retaliation, except for one instance of retaliation which will be discussed last. Generally, Smith did not establish the first element, i.e., that he had engaged in protected conduct with respect to the alleged incidents of retaliation.

Smith did not establish that he had engaged in protected conduct before Eckman allegedly refused to move Smith to a non-smoking unit in retaliation for filing grievances. An inmate has a First Amendment right to file grievances against prison officials, provided that the grievance is non-frivolous. *Smith v. Campbell,* 250 F.3d 1032, 1037 (6th Cir.2001); *Herron v. Harrison,* 203 F.3d 410, 415 (6th Cir.2000). Smith did not describe any of the grievances preceding Eckman's decision and thus did not show that the grievances were non-frivolous.

■ Smith did not establish that any of his actions as an inmate advisor constituted protected conduct. An inmate has no right to assist other prisoners with their legal claims unless legal assistance is necessary to vindicate the other prisoner's right of access to the courts. *Thaddeus–X,* 175 F.3d at 395. In *Thaddeus–X,* this court found that a pro se inmate advisor had sufficiently alleged that his legal assistance was necessary by stating in his complaint that the other inmate had no knowledge of the law and was unable to access the court in any meaningful way absent the advisor's assistance. *Id.* Smith did not make similar allegations.

■ Smith did not establish that he engaged in protected conduct by litigating a property claim against the prison in Tennessee small claims court, for which the defendants allegedly retaliated by shaking down his cell on December 5, 2000. A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *Lewis v. Casey,* 518 U.S. 343, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Thaddeus–X,* 175 F.3d at 391. The right of access does not extend to a prisoner's property claim filed in state court.

■ Smith, however, did establish that he engaged in protected conduct by filing a grievance concerning property confiscated from his cell during the December 5, 2000, shakedown. *See Herron,* 203 F.3d at 415. The subsequent return of his property indicates that the property had been wrongfully seized and that the grievance was non-frivolous. *See id.*

■ But of the two retaliatory acts resulting from the December 5, 2000, grievance, i.e., false disciplinary reports and verbal harassment, only the first was an adverse action that could deter a person of ordinary firmness from engaging in protected conduct. An inmate has no right to be free from verbal abuse, *Ivey v. Wilson,* 832 F.2d 950, 954–55 (6th Cir.1987), and minor threats do not rise to the level of a constitutional violation. *Thaddeus–X,* 175 F.3d at 398. It is noted that the standard for "adverse action" is an objective one and that it is irrelevant whether Smith himself would be deterred from filing grievances because of false disciplinary reports. *See id.* Smith properly established that the disciplinary reports were false by stating that "[t]he disciplinaries were modified by the TDOC and any and all sanctions were removed."

■ Smith also properly alleged that the false disciplinary reports were motivated at least in part by the December 5, 2000, grievance, through his statements that he overheard Blockett advising Thorpe to issue false disciplinary reports against Smith, and through the temporal proximity between the grievance and the disciplinary reports written by Blockett and Thorpe. *See Smith,* 250 F.3d at 1038. The grievance and the disciplinary reports were all written on December 5, 2000, and the grievance named Blockett, Thorpe, Danford, Pritchard, Futrell, and Woods as the offending parties. Thus, Smith has stated a claim for retaliation with regard

163

to the false disciplinary reports and the issue of exhaustion will now be addressed.

Smith did not exhaust the above-described portion of his retaliation claim. The Prison Litigation Reform Act of 1995 requires a prisoner to exhaust all available administrative remedies before filing federal lawsuits challenging prison conditions, even if the prisoner is seeking monetary damages. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 877 (6th Cir.1999); *Wright v. Morris,* 111 F.3d 414, 417 (6th Cir.1997). The prisoner must allege and demonstrate that he has exhausted all available administrative remedies and should attach the decision containing the administrative disposition of his grievance to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles–El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000); *Wyatt,* 193 F.3d at 878; *Brown,* 139 F.3d at 1104. When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate. *See* 42 U.S.C. § 1997e(a); *White v. McGinnis,* 131 F.3d 593, 595 (6th Cir.1997) (order).

Because disciplinary matters are not grievable, Smith's sole remedy was appealing the disciplinary convictions to the warden and the TDOC commissioner. *See* TDOC Policy Nos. 501.01(VI)(D) and 502.01(VI)(F). Although Smith attached copies of the initial disciplinary reports by Blockett and Thorpe, he did not attach any copies of decisions by the disciplinary officer (Scott) or copies of dispositions on appeal. Furthermore, Smith did not describe with specificity the administrative

proceeding and its outcome as he did not allege that he challenged the disciplinary reports on the basis of retaliation, he did not describe any appeal to the warden, and he did not explain why TDOC "modified" the disciplinaries. Thus, this portion of the retaliation claim is remanded to the district court for dismissal without prejudice for lack of exhaustion.

Accordingly, the district court's judgment is affirmed in part, vacated in part, and remanded for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.