**David E. LEWIS, Plaintiff–Appellant,**

**v.**

**Michael RANDLE, Warden, et al., Defendants–Appellees.**

**No. 02–4297.**

United States Court of Appeals, Sixth Circuit.

May 23, 2003.

Before SUHRHEINRICH and COLE, Circuit Judges; and CARR, District

Judge.*

### ORDER

David E. Lewis, a pro se Ohio prisoner, appeals a district court grant of summary judgment for the defendant prison officials in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Lewis filed his complaint and an amended complaint in the district court alleging that the defendant Ohio prison officials denied him access to the courts then retaliated against him after he wrote a letter of complaint about defendant Lovely concerning whether Lewis should have been allowed to retrieve legal papers from his locker before being transported to an appearance in state probate court for personal business. All of the named defendants except defendant Lovely moved to dismiss Lewis's complaint, and Lewis responded in opposition with respect to some of the moving defendants. The magistrate judge recommended that defendants' motions to dismiss be granted except with respect to Lewis's retaliation claim against defendants Lovely and Randle, and Lewis filed objections. Defendants Lovely and Randle then moved the district court for summary judgment with respect to Lewis's remaining claims, and Lewis responded in opposition.

Next, the district court adopted the magistrate judge's recommendation that defendants' motions to dismiss be granted except with respect to Lewis's retaliation claim against defendants Lovely and Randle, and the court clerk mistakenly entered

judgment in the case. After plaintiff filed a notice of appeal, the district court vacated the erroneous judgment. The remaining defendants then filed a reply to Lewis's response in opposition to their motion for summary judgment, and the magistrate judge recommended that the motion for summary judgment be granted. Over Lewis's objections, the district court adopted the magistrate judge's recommendation and judgment was entered. Lewis filed a timely notice of appeal.

On appeal, plaintiff essentially reiterates his retaliation claims. Defendants respond that the district court's judgment was proper. In addition, plaintiff has filed an objection to defendants' appendix and a request for translation of an exhibit submitted by defendants.

Generally, this court reviews de novo a grant of summary judgment. *Brooks v. American Broad. Cos.*, 932 F.2d 495, 500 (6th Cir.1991). The court also reviews de novo the dismissal of a complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1239–40 (6th Cir.1993). Finally, the same de novo standard of review governs Rule 12(c) motions for judgment on the pleadings. *See Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511–12 (6th Cir.2001).

Upon de novo review, we affirm the judgment essentially for the reasons stated by the district court. First, Lewis's constitutional right of access to the courts extends "to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus–X v. Blatter*, 175 F.3d 378, 391 (6th Cir.1999) (en banc) (quoting *Lewis v. Casey*, 518 U.S. 343, 355, 116 S.Ct. 2174,

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

135 L.Ed.2d 606 (1996)). Second, Lewis's first letter of complaint about Lovely to warden Graves at least arguably was not constitutionally protected conduct, and Lewis's conviction on the underlying misconduct charge of lying in the letter satisfies defendant's burden of showing that he would have brought the misconduct charge against plaintiff even if plaintiff had not filed the "grievance." *See Hynes v. Squillace,* 143 F.3d 653, 657 (2d Cir.1998); *Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir.1994). Lewis was not able to adduce any evidence that defendant Lovely took any action to retaliate against him after Lewis filed his grievance against Lovely in which he alleged that Lovely falsely charged him with lying. Defendant warden Graves successfully showed that his decision to transfer Lewis after he was assaulted by other inmates was based on concerns for Lewis's safety rather than on any retaliatory motive. Further, the district court also correctly concluded that plaintiff failed to state a claim upon which relief can be granted under § 1983 with respect to the remaining defendants. Finally, it is noted that Lewis's objection to defendants' appendix and request for translation of an exhibit submitted by defendants lack merit.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.