**Nathan WILSON, Plaintiff–Appellant,**

v.

**Rum Jake KLEIN, et al., Defendants–Appellees.**

**No. 03–1173.**

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2003.

Nathan Wilson, Pro se, Macomb Correctional Facility, New Haven, MI, for Plaintiff–Appellant.

Before GIBBONS and SUTTON, Circuit Judges; and TARNOW, District Judge.*

*ORDER*

Nathan Wilson, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Wilson sued three prison officials (Klein, Price, and Overton) in their individual capacities for violating his right of access to the courts by preventing him from perfecting an appeal in his state legal malpractice action. Wilson asserted that: 1) Resident Unit Manager (RUM) Klein failed to pro-

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

cess disbursements for postage and filing fees and did not mail pleadings to the court; 2) Warden Price improperly placed responsibility for prisoner legal matters and metered postage upon RUMS, who lacked knowledge of court procedures; and 3) Michigan Department of Corrections Director Overton improperly removed postage stamps from prison stores and forced prisoners to use the institutional disbursement procedure for outgoing legal mail. During its initial screening, the district court found that Wilson had not only failed to exhaust his administrative remedies, but had also failed to state a claim. The district court then dismissed the action pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e(c), for failure to state a claim.

In his timely appeal, Wilson essentially argues that the district court erred by finding that he was required to use the prison grievance system and by dismissing his complaint for failure to state a claim. Wilson also requests oral argument.

As an initial matter, we decline to reach Wilson's exhaustion argument because his complaint failed to state a claim for the reasons discussed below. Where a claim is frivolous or fails to state a claim upon which relief can be granted, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103–04 (6th Cir.1998).

Upon de novo review, we conclude that the district court properly dismissed the complaint for failure to state a claim. *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355, 116 S.Ct. 2174,

135 L.Ed.2d 606 (1996); *Thaddeus–X v. Blatter*, 175 F.3d 378, 391 (6th Cir.1999). Additionally, a prisoner must show an actual injury to existing or contemplated litigation which raises nonfrivolous claims. *Lewis*, 518 U.S. at 349–55 & n.3, 116 S.Ct. 2174.

Wilson's litigation of a state legal malpractice action was not protected by his right of access to the courts because the right of access does not extend to legal malpractice actions. *See Schrier v. Halford*, 60 F.3d 1309, 1313 (8th Cir.1995). Furthermore, Wilson did not describe his legal malpractice claims in his complaint and thus did not show that his claims were non-frivolous.

Accordingly, Wilson's request for oral argument is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.