**Steven Tad MIKKO, Plaintiff,**

v.

**Corbin DAVIS, Defendant.**

**No. CIV.04–40054.**

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 19, 2004.

Steven Mikko, Standish, MI, Pro se.

James T. Farrell, Michigan Department of Attorney General, Public Employment, Elections and Tort, Lansing, MI, for Corbin R. Davis, Defendant.

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION

GADOLA, District Judge.

Plaintiff, a state prisoner who is proceeding *pro se*, brings this civil action under 42 U.S.C. § 1983, alleging violations of his First Amendment rights. Before the Court is Plaintiff's motion for summary judgment and Defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Pursuant to the Court's order of reference, the Honorable Virginia M. Morgan, United States Magistrate Judge, prepared a report and recommendation. The report and recommendation recommends denying Plaintiff's motion and granting Defendant's motion. Plaintiff filed objections to the report and recommendation. For the reasons set forth below, the Court will deny Plaintiff's motion and will dismiss this civil action against Defendant Davis.

The Court's standard of review of a Magistrate Judge's report and recommendation depends upon whether a party objected to that document. As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard. *See Lardie v. Birkett,* 221 F.Supp.2d 806, 807 (E.D.Mich.2002) (Gadola, J.).

The Court reviews *de novo*, however, the portions of a report and recommendation to which a specific objection has been made. *Id.* Rule 72(b) of the Federal Rules of Civil Procedure provides this standard of review; it states, in pertinent part, that

The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The dis-

trict judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. Fed.R.Civ.P. 72(b). In this case, because Plaintiff filed timely objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie,* 221 F.Supp.2d at 807.

 *De novo* review in these circumstances entails at least a review of the evidence that faced the Magistrate Judge; the Court may not act solely on the basis of a report and recommendation. *See* 12 Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d* § 3070.2 (1997)(citing *Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir.1981)). Whether the Court supplements the record by entertaining further evidence is a matter committed to the Court's discretion. *See* 12 Wright, *Federal Practice* § 3070.2. After conducting this review, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie,* 221 F.Supp.2d at 807. If the Court were to adopt the Magistrate Judge's report and recommendation, the Court would not need to state with specificity what it reviewed; it is sufficient for the Court to say that it has engaged in a *de novo* review of the record and adopts the Magistrate Judge's report and recommendation. *See id.*; 12 Wright, *Federal Practice* § 3070.2.

Plaintiff makes two objections to the report and recommendation. First, Plaintiff contends that he has a right to access the courts to file a writ of superintending control and a writ for mandamus. Regarding right of access claims, the Supreme Court stated that the "tools" that must "be provided are those that the inmates need in order to attack their sentences, directly or indirectly, and in order to challenge the conditions of their confinement." *Lewis v. Casey,* 518 U.S. 343, 355,

116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The Court of Appeals for the Sixth Circuit interpreted that section to mean that "a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims *only.*" *Thaddeus–X v. Blatter,* 175 F.3d 378, 391 (6th Cir.1999) (emphasis added). This standard, referred to hereinafter as the "*Thaddeus–X* standard," has been continually followed in the Sixth Circuit. *See, e.g., Wilson v. Klein,* 75 Fed.Appx. 479, 480 (6th Cir.2003); *Lewis v. Randle,* 66 Fed. Appx. 560, 561–62 (6th Cir.2003); *Smith v. Craven,* 61 Fed.Appx. 159, 162 (6th Cir. 2003); *Thomas v. Rochell,* 47 Fed.Appx. 315, 317 (6th Cir.2002); *Rodgers v. Hawley,* 14 Fed.Appx. 403, 409 (6th Cir.2001); *Thomas v. Campbell,* 12 Fed.Appx. 295, 297 (6th Cir.2001).

Plaintiff may find support for his objection in *Hughes v. Toombes,* No. 1:97–CV–773, 1999 U.S. Dist. LEXIS 12092 (W.D.Mich. Aug. 5, 1999) (Eslen, J.). In *Hughes,* a prisoner alleged that his right of access to the courts had been violated by the improper removal of money from his prisoner bank account, causing him to be unable to pay for a pending state collateral action for relief from conviction. The court held that since the pursuit of federal habeas review requires the exhaustion of state remedies, the right of access to the courts includes a right to pursue state collateral actions necessary to exhaust state remedies. Discussing the earlier Sixth Circuit rulings, the court said, "While *Thaddeus–X* contains language suggesting a narrower right of access, ... this statement does not explicitly eliminate state collateral actions which may be necessary precursors to federal habeas relief from the scope access [*sic*] to the courts." *Hughes,* 1999 U.S. Dist. LEXIS 12092 at *14 n. 2. The Court will hereinafter refer to this broader access that includes state

collateral actions as the *"Hughes* standard."

█ Exhausting state court remedies requires the filing of a motion for relief from judgment under Michigan Court Rule 6.500. *See, e.g., Nasr v. Stegall,* 978 F.Supp. 714, 717 (E.D.Mich.1997) (Zatkoff, J.). Similar to this case, in *Cristini v. McKee,* a prisoner filed a motion for relief from judgment before the statutory deadline of August 1, 1995, and therefore he could file a second motion for relief from judgment under Michigan Court Rules 6.502(G)(1). *Cristini v. McKee,* No. 01–CV–74483–DT, 2003 WL 21817823, 2003 U.S. Dist. LEXIS 13509 (E.D.Mich. July 9, 2003) (Hood, J.) The filing of that second motion was required to exhaust state remedies.

█ Plaintiff objects to a strict application of the *Thaddeus–X* standard and contends that *Thaddeus–X* permits a right of access to the courts for state collateral actions required to exhaust state remedies. Although Plaintiff objects to the *Thaddeus–X* standard, the court will not rule on whether *Thaddeus–X* or *Hughes* provides the correct standard. This is because Plaintiff fails to show an actual injury, and therefore Plaintiff's claims fail under either standard. Sixth Circuit precedent holds that *only* "direct appeals, habeas corpus applications, and civil rights claims" are protected by the First Amendment right of access to the courts. *Thaddeus–X,* 175 F.3d at 391. If the court adheres to a strict reading of the *Thaddeus–X* standard, Plaintiff's claim would not fit into the three categories of protected actions, and thus his claim for violation of his right of access to the courts would fail. The single departure from this rule comes in *Hughes,* an unpublished district court case, which holds that state collateral actions are also protected by the right of access to the courts. *Hughes,* 1999 U.S. Dist. LEXIS 12092 at *14. If the court were to apply

the less rigorous *Hughes* standard, noting that *Hughes* is not binding precedent on this Court, Plaintiff may have a right of access for his claim. This is because in Plaintiff's underlying claim, he alleges that the courts denied him the ability to pursue his motion for relief from judgment under Michigan Court Rule 6.500. Since pursuing an available state collateral claim is necessary to exhaust his state remedies and to gain federal habeas review, Plaintiff may have a right under *Hughes* to access the courts for such a motion. The Supreme Court, however, requires that a prisoner show an actual injury to state a claim for denial of access to the courts. *Lewis,* 518 U.S. at 349, 116 S.Ct. 2174. Therefore, even under *Hughes* Plaintiff must still show an actual injury to state a claim for relief and thereby survive Defendant's motion to dismiss for failure to state a claim. Because the court determines that Plaintiff fails to show an actual injury, as discussed below, the court will not need to rule on the correct standard.

Plaintiff's second objection to the report and recommendation concerns its finding that he has not alleged an actual injury as a result of Defendant's actions. Since a prisoner must demonstrate an actual injury to state a claim, this failure to state an actual injury disposes the case under Federal Rules of Civil Procedure 12(b)(6). Plaintiff makes two alternative contentions: first, that he made sufficient allegations of an actual injury in his subsequent motion for summary judgment; second, that he does not need to show an actual injury to litigate a claim alleging violation of a constitutional right.

When a plaintiff proceeds *pro se,* the court will "hold [the complaint] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The court will consider docu-

ments filed after the complaint, such as affidavits, "as part of the pleadings." *Flournoy v. Seiter,* 835 F.2d 878 (6th Cir. 1987). The Sixth Circuit permitted allegations contained in a *pro se* plaintiff's objections to a magistrate judge's report to help state a cause of action. *Birdo v. Smith,* 94 F.3d 644, 1996 WL 465031, *6–8 (6th Cir. 1996). The court also allowed allegations in a motion for summary judgment to be added to allegations in a complaint for the purpose of evading a 12(b)(6) motion to dismiss. *Hughes,* 1999 U.S. Dist. LEXIS 12092 at *14–15.

Having construed Plaintiff's pleadings liberally, the court discerns that Plaintiff claims that he suffered an actual injury by Defendant's refusal to file his writs for superintending control and mandamus. Plaintiff alleges specific facts in his motion for summary judgment, in which he stated that the purpose of the writs of superintending control and mandamus he wished to file with Defendant was to compel the state circuit court of Montcalm County to adjudicate his motion for relief from judgment under Michigan Court Rules 6.500. Plaintiff contends that his state court motion was unjustly dismissed under Michigan Court Rules 6.502(G)(1). Thus, the court must decide whether this alleged inability to file the writs constitutes an actual injury to Plaintiff.

The Supreme Court requires that a prisoner demonstrate an actual injury to state a claim of denial of access to the courts. *Lewis,* 518 U.S. at 349, 116 S.Ct. 2174. In the Sixth Circuit, "a prisoner does not suffer an actual injury when he is deprived of a frivolous legal claim .... Only a prisoner who sought to pursue an arguable claim has standing to bring suit based on a denial of access to the courts." *Roberts v. Wingard,* 210 F.3d 372, 2000 WL 377424 at *1 (6th Cir.2000) (citing *Lewis,* 518 U.S. at 353 n. 3, 116 S.Ct. 2174; *Hadix v. Johnson,* 182 F.3d 400, 405 (6th Cir.1999)). According to the Sixth Circuit, "in *Lewis* the Supreme Court held that only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action." *Hadix v. Johnson,* 173 F.3d 958, 964 (6th Cir.1999). The court considered whether a prison official's failure to notarize an affidavit before a filing deadline created an "actual injury" to a prisoner in *Roberts,* 210 F.3d 372. In that case, the defendant prison official did not notarize the prisoner's affidavit of indigence in time for the filing deadline for his appeal. The prisoner filed his appeal without the affidavit past the deadline, and his appeal was dismissed for arriving late. The prisoner then sued the prison official for violating his right of access to the courts. The court determined that the prisoner had not shown an actual injury, since the prisoner had also failed to file an additional affidavit required by state law. Since the prisoner had neglected that required affidavit, the court held that his appeal would have been dismissed regardless of the prison official's failure to notarize the affidavit of indigence. Therefore, even if someone delays a case or prevents it from coming to court, an actual injury will not be found unless the underlying claim would have been successful.

A magistrate judge for the Eastern District of Michigan concluded that a prison librarian's failure to photocopy and another librarian's failure to mail court documents on time did not constitute an actual injury to a prisoner. *Rumsey v. Maystead,* 327 F.Supp.2d 767 (E.D.Mich.2004) (Majzoub, Magistrate J.), *accepted by Rumsey v. Mich. Dep't of Corr.,* 327 F.Supp.2d 767 (E.D.Mich.2004) (Hood, J.). In *Rumsey,* a prisoner had requested photocopies to supplement his response to a summary judgment motion in an earlier case against various prison officials. The copies were delayed by the prison librarian, and the motion for summary judgment

was granted with respect to six of the eight defendants in that previous case. After the prisoner was transferred to a new prison, the remaining defendants in that previous case filed a motion for summary judgment. The prisoner requested that a prison librarian notarize an affidavit in support of his response to the summary judgment motion. The librarian failed to mail the affidavit before the court deadline for filing, and the remaining defendants were granted summary judgment. The prisoner subsequently sued both librarians for violating his right of access to the court by failing to handle his court documents in a timely fashion. The court held that in spite of the late filings, the prisoner had not demonstrated an actual injury. Examining each of the documents the prisoner wished to file, the court concluded that the evidence contained therein would not have changed the outcome of the motions for summary judgment. Since the outcome of the prisoner's case would not have been different, the prisoner did not show an actual injury, and thus his right of access to the courts was not violated. *Rumsey*, 327 F.Supp.2d at 779.

In the instant case, even considering the statements in Plaintiff's motion for summary judgment, Plaintiff does not demonstrate an actual injury. Plaintiff's claim that the Defendant denied him access to the courts by failing to file his writs for superintending control and mandamus is analogous to the claims in *Roberts* and *Rumsey* that prison officials denied prisoners access to the courts by failing to process court documents in a timely fashion. In both those cases and the present action, the prisoners allege that the failure to file their documents prevented them for having a full court hearing for their claims. Therefore, for Plaintiff to rebut this motion to dismiss, Plaintiff must show that his underlying claim, the motion for relief from judgment under Michigan Court Rules 6.500, would have been successful if not for the failure of the Defendant to file the writs. Plaintiff has not sustained this burden. In none of the filings before the court, either in the complaint or any of the subsequent filings, has Plaintiff demonstrated the possible success of his underlying claim on the merits. At most, Plaintiff alleges that the writs for superintending control and mandamus were not frivolous. Without further information on the validity of the motion for relief from judgment, Plaintiff fails to show an actual injury, and thus fails to state a cause of action for a violation of his right to access of the courts under *Lewis*.

Plaintiff contends in the alternative that since he is alleging a violation of his constitutional rights, he does not need to show an actual injury. Despite Plaintiff's appeal to persuasive authority from another circuit, the Sixth Circuit stated that in light of *Lewis*, "[i]n order to state a claim for denial of meaningful access to the courts ... plaintiffs must plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). Therefore, in the Sixth Circuit Plaintiff must show an actual injury to state a claim for denial of access to the courts. Since he has not done so, the motion to dismiss for failure to state a claim must be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's objections [docket entry 18] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the report and recommendation [docket entry 17] is **ACCEPTED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [docket entry 11] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss [docket entry

10] is **GRANTED** and this case is hereby **DISMISSED**.

SO ORDERED.