# Third District Court of Appeal

## State of Florida

Opinion filed August 21, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1738
Lower Tribunal No. 22-22589
_____

**Glenn Spradley,**
Appellant,

vs.

**Tina Edgecomb et al.,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Glenn Spradley, in proper person.

The Foodman Firm, P.A., Eduardo J. Casal, Jessiya Joseph, and Daniel Foodman, for appellees, B. Alvarez Balmaceda and M. Corrales.

Before FERNANDEZ, MILLER, and BOKOR, JJ.

MILLER, J.

Appellant, Glenn Spradley, an incarcerated prisoner, challenges an order dismissing his civil lawsuit against appellees, the assistant warden and law librarian at Dade Correctional Institution. The crux of his complaint was that the failure to allow him to access the prison law library for a minimum of twenty-five hours per week constituted a property deprivation without due process of law.[1] Casting aside any application of qualified immunity, we conclude the trial court properly found the conclusory allegations failed to establish either a constitutionally protected property interest or "some quantum of detriment" resulting from the unspecified limitation on library access. Lambrix v. Singletary, 618 So. 2d 787, 788 (Fla. 1st DCA 1993); see also Henderson v. Crosby, 883 So. 2d 847, 856 (Fla. 1st DCA 2004) ("Appellants' argument[] [of unconstitutional library hour restrictions] fail[s] to convince us that these actions . . . create a significant obstacle to their

---

[1] Spradley did not allege the library was not open for twenty-five hours per week; he only contended he was not given twenty-five hours of weekly access. See Fla. Admin. Code R. 33-501.301(3)(a) ("Law libraries shall be open for inmate use a minimum of 25 hours per week . . . . Only times that inmates have access to the law library collection and inmate law clerks, or when inmate law clerks are providing research assistance to close management, death row, other special status populations, shall be counted. The law library's operating schedule shall be designed to permit inmates access to legal materials consistent with: 1. Inmates' security classification and housing assignments; 2. Staff and space limitations; 3. Scheduled work and other assignments; and, 4. Any other limitation based on the interests of security and order of the institution.").

access to courts."); <u>Johnson v. Avery</u>, 393 U.S. 483, 490 (1969) ("[T]he State may impose reasonable restrictions and restraints upon the acknowledged propensity of prisoners to abuse both the giving and the seeking of assistance in the preparation of applications for relief: for example, by limitations on the time and location of such activities and the imposition of punishment for the giving or receipt of consideration in connection with such activities."); <u>Walker v. Mintzes</u>, 771 F.2d 920, 932 (6th Cir. 1985) (holding that restricted library access does not necessarily amount to denial of access to courts, and that prison regulations reasonably limiting times, places, and manner in which inmates may engage in legal research and preparation of legal papers are permissible as long as regulations do not frustrate access to courts); <u>Shango v. Jurich</u>, 965 F.2d 289, 292 (7th Cir.1992) (finding "[l]ibrary access may be restricted by time, place[,] and manner regulations that are 'justified in light of legitimate security considerations'") (quoting <u>Caldwell v. Miller</u>, 790 F.2d 589, 606 (7th Cir. 1986)); <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1290 (11th Cir. 1998) ("[P]risoners have no inherent or independent right of access to a law library or to legal assistance."); <u>Thomas v. Campbell</u>, 12 F. App'x 295, 297 (6th Cir. 2001) ("There is no constitutional right to any particular number of hours in the law library."); <u>Junior v. Reed</u>, 693 So. 2d 586, 593 (Fla. 1st DCA 1997) ("If this action on the part of the

3

defendant is not a violation of a settled statutory or constitutional right, and it is not for the reasons we have given, no amount of effort in amending the complaint will make it so."); Jordan v. Logan, 32 F. App'x 958, 958 (9th Cir. 2002) (holding plaintiff did not have property or liberty interest in access to library); Carlock v. Osborne, No. 4:14CV–P14–M, 2014 WL 2218211, at *4 (W.D. Ky. May 28, 2014) (finding plaintiff failed to state due process claim because there is no constitutionally protected right of access to law library); Howard v. Osborne, No. 4:13CV–P129–M, 2014 WL 1491245, at *2 (W.D. Ky. Apr.15, 2014) (holding lack of access to legal material or law library does not state due process claim); Bradley v. Mason, 833 F. Supp. 2d 763, 773 (N.D. Ohio 2011) ("[T]he lack of a law library does not per se deny the accused [of] due process."); Benjamin v. Fraser, 264 F.3d 175, 185 (2d Cir. 2001) ("Because law libraries and legal assistance programs do not represent constitutional rights in and of themselves, but only the means to ensure 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts,' prisoners must demonstrate 'actual injury' in order to have standing.") (quoting Lewis v. Casey, 518 U.S. 343, 351 (1996)). Accordingly, we affirm the final order under review.

Affirmed.

4